IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| **ANESTHESIA HEALTHCARE PARTNERS, INC.,** | : Case No. 14-59631-wlh |
| | : |
| | : |
| Debtor. | : Chapter 11 |
| _____ | |
| | : |
| IN RE: | : |
| | : |
| **AHP ASSOCIATES OF TEXAS, P.A.,** | : Case No. 14-59632 |
| | : |
| Debtor. | : Chapter 11 |
| _____ | |
| | : |
| IN RE: | : |
| | : |
| **AHP OF CENTRAL GEORGIA, P.C.,** | : Case No. 14-59633 |
| | : |
| Debtor. | : Chapter 11 |
| _____ | |
| | : |
| IN RE: | : |
| | : |
| **AHP OF ILLINOIS, INC.,** | : Case No. 14-59634 |
| | : |
| Debtor. | : Chapter 11 |
| _____ | |
| | : |
| IN RE: | : |
| | : |
| **AHP OF NORTH CAROLINA, INC.,** | : Case No. 14-59635 |
| | : |
| Debtor. | : Chapter 11 |
| _____ | |
| | : |
| IN RE: | : |
| | : |
| **AHP OF NORTHWESTERN LOUISIANA, LLC,** | : Case No. 14-59636 |
| | : |
| | : |

|  |  |
|---|---|
| Debtor. | : Chapter 11 |
| IN RE: | : : : |
| **AHPM OF GEORGIA, INC.,** | : Case No. 14-59637 : : |
| Debtor. | : Chapter 11 |
| IN RE: | : : : |
| **ANESTHESIA HEALTHCARE PARTNERS OF FLORIDA, INC.,** | : Case No. 14-59639 : : |
| Debtor. | : Chapter 11 |
| IN RE: | : : : |
| **HBL ANESTHESIA SERVICE, LLC,** | : Case No. 14-59640 : : |
| Debtor. | : Chapter 11 |
| IN RE: | : : : |
| **MEDFINANCIAL, LLC,** | : Case No. 14-59641 : : |
| Debtor. | : Chapter 11 |

### SUNTRUST BANK'S OBJECTION TO DEBTORS' EMERGENCY MOTION TO OBTAIN POST-PETITION FINANCING

COMES NOW SunTrust Bank as a creditor in the above-captioned proceeding and files this limited objection (the "Objection") to the *Debtors' Emergency Motion to Obtain Post-Petition Financing* (the "DIP Motion"). (Doc. No. 16). In support of this Objection, SunTrust respectfully represents as follows:

2

**BACKGROUND**

1.     On May 15, 2014 (the "Petition Date") the Debtors referenced above (collectively, the "Debtors"), each filed the above referenced chapter 11 cases (the "Cases").

2.     On May 21, 2014 – six days after the initiation of the cases and less than twenty-four hours before the scheduled "First Day" hearing – the Debtors also filed this Motion seeking, among other things, authorization to incur post-petition financing ("DIP Loan") provided for by Mr. Sean M. Lynch, the CEO and alleged 100% shareholder/member of the Debtors ("Lynch") in exchange for superpriority liens and claims, and to provide adequate protection to SunTrust on behalf of the Lenders (as defined below).  Debtors also request that Lynch be granted relief from the automatic stay in order to take steps to perfect the security interests and claims for his proposed post-petition loan.

**Prepetition Secured Credit Facility**

3.     On August 28, 2009, the Debtor, Anesthesia Healthcare Partners, Inc. ("AHP Inc."), the several banks and other financial institutions and lenders from time to time party thereto, and SunTrust, as administrative agent (collectively, "SunTrust"), entered into that certain Credit Agreement (as amended by that First Amendment to Credit Agreement dated as of December 21, 2009, that certain Second Amendment to Credit Agreement dated as of October 27, 2010, that certain Third Amendment to Credit Agreement dated as of June 10, 2011, that certain Fourth Amendment to Credit Agreement dated as of January 1, 2013, that certain Forbearance Agreement dated as of November 27, 2013, and that certain Forbearance Agreement dated as of April 1, 2014 and as further amended, modified, extended, restated, amended and restated, replaced, or supplemented from time to time,  the "Credit Agreement").[1]  AHP Inc.'s

---

1 SunTrust is the sole Lender under the Credit Agreement.

obligations, as borrower, and the remaining Debtors' obligations, as guarantors, are evidenced by, among other documents, the Credit Agreement, that certain Guaranty and Security Agreement dated as of August 28, 2009, UCC-1 Financing Statements, related guaranties and agreements and other Loan Documents (as that term is defined in the Credit Agreement).

4.  SunTrust is a secured creditor of the Debtors on account of certain loans made and funds advanced to the Debtors (the "Pre-Petition Loans") pursuant to the Credit Agreement. The Pre-Petition Loans are secured by security interests in substantially all of the Debtors' tangible and intangible property, real and personal, including among other things, all accounts, deposit accounts, contracts, inventory, equipment, management agreements, patents, copyrights, trademarks, pledged securities, notes and intercompany obligations between the Debtors, and general intangibles now outstanding or hereafter arising, and all cash and noncash proceeds of any of the foregoing of the Debtors all as more particularly described in the Loan Documents.

5.  As of May 15, 2014, SunTrust was owed in the total principal amount approximately $8,500,000.00, plus accrued and unpaid interest and all costs, fees and expenses and charges payable under the Pre-Petition Loans. The Pre-Petition Loans consist of Revolving Loans in the principal amount of $4,000,000.00 (inclusive of a $1,000,000.00 over advance) and Term Loans in the principal amount of $4,500,000.00.

## OBJECTIONS

6.  SunTrust objects to the terms of the DIP Loan to the extent that such financing is obtained from the Debtors' chief executive officer and principal shareholder, Lynch, and primes SunTrust's senior perfected security interests. The proposed DIP Loan fails to provide SunTrust with adequate protection and, as a result, effectively transfers the risk of a failed reorganization to SunTrust. Any benefits from post-petition financing needed to preserve the Debtors' going

4

concern value flows solely to the Debtors' principals and shareholders (i.e., Lynch).  As a result, if post-petition financing is necessary it should be provided subordinate to SunTrust's claims, liens and interests and clearly should not be paid back before SunTrust's claims are paid.

7. Granting post-petition financing pursuant to Section 364(d) of the Bankruptcy Code and priming existing liens "is considered rare and extraordinary."  <u>Bland v. Farmworker Creditors</u>, 308 B.R. 109, 115 (S.D. Ga. 2003).  In seeking permission to obtain post-petition financing, the Debtors have a heavy burden of proof to establish the need for the proposed financing and the adequate protection of SunTrust as the existing lien holder.  <u>See</u> <u>In re YL W. 87th Holdings I LLC</u>, 423 B.R. 421, 441 (Bankr. S.D.N.Y. 2010) ("priming is impermissible unless there is adequate protection to existing lien holders").  The court must be "particularly cautious" when evaluating whether the holder of the primed lien is adequately protected.  <u>See</u> <u>In re Mosello</u>, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996) (<u>quoting</u> <u>In re First S. Sav. Ass'n</u>, 820 F.2d 700, 710 (5th Cir. 1987).

1. Pursuant to Section 361 of the Bankruptcy Code, adequate protection may include: (i) periodic cash payments; (ii) additional or replacement liens; (iii) or the "indubitable equivalent" of the secured creditors interest in such property.  11 U.S.C. § 361.  Adequate protection ensures that the prepetition lender receives the benefit of its prepetition bargain.  "In other words, the proposal should provide the prepetition secured creditor with the same level of protection it would have had if there had not been postpetition superpriority financing."  <u>In re Swedeland Dev. Grp., Inc.</u>, 16 F.3d 552, 564 (3d Cir. 1994). "The concept of adequate protection does not envision a court stripping a secured creditor of the benefit of its bargain . .   . ."  <u>In re Phoenix Steel Corp.</u>, 39 B.R. 218, 224 (D. Del. 1984).

5

2. A finding that a lender is adequately protected necessarily requires the Court to conclude that the secured lender will receive the benefit of its prepetition liens. The Debtor bears the burden of proof to establish the existence of adequate protection. See Mosello, 195 B.R. at 287; Save Power Ltd. v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.), 193 B.R. 713, 716-18 (Bankr. D. Del. 1996); In re Shaw Indus., Inc., 300 B.R. 861, 866 (Bankr. W.D. Pa. 2003). As set forth below, the Debtors cannot meet this burden with respect to SunTrust.

8. In this instance, all of the Debtors' assets are fully encumbered by SunTrust's liens and claims; there are no unencumbered assets. SunTrust agrees and stipulates that its loans are secured. However, the adequate protection the Debtors propose granting to SunTrust does not "effectively compensate the secured creditor for loss of value caused by the superpriority given to the post-petition loan" because it effectively transfers the risk of reorganizing these Debtors to SunTrust, rather than Lynch, the sole alleged equity holder of the Debtors. Swedeland Dev. Grp., Inc., 16 F.3d at 564.

9. These Debtors chose to file their Chapter 11 cases without notifying or discussing the bankruptcy filing with SunTrust. Indeed, it was only on Monday, May 19, 2014 – 4 days after the Chapter 11 cases were initiated – that SunTrust's counsel was advised of the filings. And now, with less than twenty-four hours' notice, the Debtors seek to obtain post-petition financing from their CEO and primary shareholder on a priming bases with no showing of need or adequate protection to SunTrust's interests.

10. "Granting post-petition financing on a priming basis is extraordinary and is allowed only as a last resort." YL W. 87th Holdings, 423 B.R. at 441. Otherwise, the Debtors are transferring the risk of a failed reorganization to SunTrust. That is clearly the situation here

6

where pre-bankruptcy efforts by the Debtors to complete a sale of their businesses to preserve value for equity holders were unsuccessful.  If Lynch believes in the prospect of the Debtors reorganizing and wishes to provide post-petition financing to the Debtors, he should bear the risk of a failed reorganization effort and any such financing should be junior to any liens, claims and interests of the Lender, should be unsecured, should not be repaid before SunTrust's claims are paid, and should, at best, only have administrative priority status under Section 364(c) of the Bankruptcy Code.

11.     SunTrust reserves the right to raise additional objections to the proposed DIP financing prior to or at any hearing to consider the DIP Motion.

## **CONCLUSION**

12.     For the foregoing reasons, SunTrust respectfully requests, that the Court:

(a)     Deny Debtors' DIP Motion;

(b)     In the alternative, if an interim order is to be entered allowing for post-petition financing by Lynch, SunTrust requests that any order granting post-petition financing provide that Lynch's security interests and claims are subordinate to the Lender's claims, liens and interests and any funds advanced should not be repaid before SunTrust's claims are paid; and

(c)     Grant such other relief as may be just and proper.

This 21st day of May, 2014.

        Respectfully submitted,

        KING & SPALDING LLP

        <u>/s/ Jesse H. Austin, III</u>
        Jesse H. Austin, III
        Georgia Bar No. 028812
        jaustin@kslaw.com
        Jonathan W. Jordan
        Georgia Bar No. 404874
        jjordan@kslaw.com
        Michele J. Kim
        Georgia Bar No. 707326
        mkim@kslaw.com
        King & Spalding LLP
        1180 Peachtree Street, N.E.
        Atlanta, Georgia  30309-3521
        Telephone:  (404) 572-4600
        Fax:  (404) 572-5131

        COUNSEL FOR SUNTRUST BANK

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, an electronic copy of the of the foregoing was filed using the Court's ECF System which caused electronic notification of filing to be served on all registered users of the ECF System that have requested such notification regarding this Debtor's bankruptcy case and the following parties via email:

>Theodore Stapleton (tstaple@tstaple.com)
>Theodore N. Stapleton, PC


>James H. Morawetz (Jim.H.Morawetz@usdoj.gov)
>Office of the United States Trustee


This 21st day of May, 2014.

>Respectfully submitted,
>
>KING & SPALDING LLP
>
>
>/s/ Jesse H. Austin, III
>Jesse H. Austin, III
>Georgia Bar No. 028812
>jaustin@kslaw.com
>Jonathan W. Jordan
>Georgia Bar No. 404874
>jjordan@kslaw.com
>Michele J. Kim
>Georgia Bar No. 707326
>mkim@kslaw.com
>King & Spalding LLP
>1180 Peachtree Street, N.E.
>Atlanta, Georgia  30309-3521
>Telephone:  (404) 572-4600
>Fax:  (404) 572-5131
>
>COUNSEL FOR SUNTRUST BANK