UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  14-59631-wlh |
| | ) | |
| ANESTHESIA HEALTHCARE | ) | CHAPTER  11 |
| PARTNERS, INC. et al. | ) | |
| | ) | JUDGE WENDY L. HAGENAU |
| Debtors. | ) | |
| _____ | ) | CASE NO. 14-59632 |
| | ) | CASE NO. 14-59633 |
| MCKESSON TECHNOLOGIES, | ) | CASE NO. 14-59634 |
| INC., | ) | CASE NO. 14-59635 |
| | ) | CASE NO. 14-59636 |
| Movant, | ) | CASE NO. 14-59637 |
| | ) | CASE NO. 14-59639 |
| vs. | ) | CASE NO. 14-59640 |
| | ) | CASE NO. 14-59641 |
| ANESTHESIA HEALTHCARE | ) | |
| PARTNERS, INC. et al., | ) | CONSOLIDATED UNDER CASE |
| | ) | NO.  14-59631-wlh |
| Respondents. | ) | |
| | ) | CONTESTED MATTER |
| _____ | ) | |

**MOTION OF MCKESSON TECHNOLOGIES INC.,
FOR RELIEF FROM AUTOMATIC STAY**

McKesson Technologies Inc. ("McKesson") files this motion for relief from the automatic stay to terminate that certain billing contract between Anesthesia Healthcare Partners, Inc. ("AHP") and PST Services, Inc., (a McKesson company).[1]

---

[1] PST Services, Inc., ("Per-Se"), a wholly owned subsidiary of McKesson Technologies Inc., (a McKesson Company) will also be referred to herein as "McKesson."

## I.    JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## II.    INTRODUCTION

2. Debtors[2] are in the business of providing health care services.

3. McKesson agreed to provide billing and accounts receivable management services to Debtors.

4. McKesson seeks relief from the automatic stay pursuant to 11 U.S.C. §362(d) to terminate a contract, entered into with Debtors, through which McKesson agreed to provide billing and accounts receivable management services to Debtors because Debtors' breaches will cause irreparable harm to McKesson.

## II.    FACTS

5. On May 15, 2014 ("Filing Date"), Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, which were consolidated under the case captioned *Anesthesia Healthcare Partners, Inc.*, Case No. 14-59631. Debtors continue to operate as debtors-in-possession under Section 1107(a) and

---

[2] The term "Debtors" used herein refers to Anesthesia Healthcare Partners, Inc.; AHP Associates of Texas, P.A.; AHP of Central Georgia, P.C.; AHP of Illinois, Inc.,; AHP of North Carolina, Inc.; AHP of Northwestern Louisiana, LLC; AHPM of Georgia, Inc.; Anesthesia Healthcare Partners of Florida, Inc.; and HBL Anesthesia Service, LLC.

2

1108 of the Bankruptcy Code.

6. Prior to the Filing Date, AHP on behalf of Debtors, entered into a Consulting Services Agreement effective February 16, 2012, and as amended by Amendment I, effective July 1, 2012 ("CSA") and AHP on behalf of Debtors, entered into a Billing Services and Subcontractor Agreement ("BSA") with PST Services, Inc. (a McKesson company), effective July 15, 2012, (collectively the "Contracts"). The contract at issue is the BSA.[3]

7. Pursuant to the Contracts, McKesson agreed to provide consulting services as well as billing and accounts receivable management services to Debtors. In exchange for these services, Debtors agreed to pay McKesson certain fees more fully outlined in the Statement of Work and Schedule 2, respectively, of the Contracts.

8. In addition to the general obligations set forth above, the BSA and the Schedules attached thereto, more fully describe the obligations of McKesson and Debtors. Specifically, the BSA contains the following agreements under Schedule I, Section II, and Client Responsibilities:

> a. "Client is responsible for timely sending, or causing to have sent, and in a mutually acceptable format, all information necessary for Per-Se

---

[3] The BSA is not attached because it contains confidential and proprietary information. McKesson will file it under seal prior to the hearing.

    to perform the Services in an efficient manner and consistent with Per-Se's compliance policies." (BSA, Schedule 1, Section II(a).)

    b. "Furnish and/or cause to be transmitted and mailed to Per-Se for Per-Se's records, no less than every other business day and within three (3) business days of service, a complete batch of those charts and the anesthesia or pain management charge ticket for each patient for whom Per-Se provides the Services." (*Id*. at II(c).)

    c. "Process refund payments due by Client to individual patients and/or carriers within thirty (30) days of Client's receipt of written notification of such overpayments from Per-Se and in no event longer than sixty (60) days from the receipt of Per-Se's notification of the overpayment." (*Id*. at II(m).)

    d. "[E]stablish an automatic electronic funds debit arrangement for paying Per-Se's invoices." (*Id*. at Schedule 2.C.)

9. The initial term of the BSA is three (3) years, beginning on August 1, 2012. (BSA, Paragraph 2.)

10. McKesson has efficiently performed under the BSA. Within the time period of May 2013 through May 2014, McKesson has collected $18,268,039.00 for AHP. Pursuant to the terms of the BSA, McKesson is entitled to payment for

4

its services as set forth in detail in the Statement of Work and Schedule 2, respectively, to the BSA.

11. As compensation, very generally, McKesson is entitled to a percentage of Collections, as defined in the BSA.

12. Section 11 of the BSA provides for termination in the event either party defaults on its obligations.

13. Debtors are in default under the BSA for the following breaches:

14. The pre-petition defaults include, but are not limited to:

   a. Debtors have failed to pay as required under the BSA pre-petition. Currently, Debtors owe McKesson over $503,016.74.

   b. Debtors have failed to process and issue timely refunds.

   c. Debtors have failed to transmit complete records within three days of service.

   d. Debtors have failed to set up an electronic funds debit arrangement for paying McKesson's invoices.

15. The post-petition defaults include, but are not limited to:

   a. Debtors owe McKesson $47,878.10.

   b. Debtors have failed to process and issue timely refunds.

    c. Debtors have failed to transmit complete records within three days of service.

    d. Debtors have failed to set up an electronic funds debit arrangement for paying McKesson's invoices.

16. Prior to learning of the bankruptcy filing, McKesson sent AHP a Notice of Default and Demand for Payment letter stating that if Debtors failed to pay the late invoices, McKesson was going to terminate the Contracts for non-payment.

17. McKesson has continued to perform under the Contracts since the Filling Date.

### III.   ARGUMENT

*A. Standard.*

18. The filing of a bankruptcy petition operates as a stay of "any action to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

19. An interested party may be granted relief from the automatic stay for "cause":

> On request of a party in interest and after notice and a hearing, the court shall grant <u>relief</u> from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

20. "Cause" sufficient to modify the automatic stay is not defined in the Bankruptcy Code or detailed in applicable legislative history. *In re M.J.& K. Co., Inc.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). Thus, what constitutes "cause" for stay relief purposes ". . . is an intentionally broad and flexible concept which must, of necessity, be determined on a case by case analysis." *Matter of Holly's Inc.*, 140 B.R. 643, 687 (Bankr. W.D. Mich 1992).

21. The moving party has the burden to make an initial showing of "cause" for relief from the stay. *See In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2nd Cir. 1990). "Once cause is shown to exist, the debtor must prove that it is entitled to the protections afforded by the stay." *In re M.J.& K. Co., Inc.*, 161 B.R. at 590. "The burden of proof on a motion to lift or modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than 'the debtor's equity in property.'" *In re Sonnax Indus., Inc.*, 907 F.2d at 1285 (quoting, 11 U.S.C. § 362(g)(1)). Only where the movant fails to make an initial showing of cause, however, may the court deny relief without requiring any showing from the debtor that it is entitled to continued protection of the automatic stay. *Id.; see also*, 2 L.

7

King, Collier on Bankruptcy ¶362.10 (15th ed. 1992) (moving party required to make a showing of cause under §362(d)(1), then burden of proof, *i.e.* risk of non-persuasion, shifts to party opposing motion).

22. McKesson is able to satisfy the initial burden of showing "cause" for relief from the automatic stay in that Debtors have defaulted under the BSA in at least two material respects.

### B. Post-Petition Monetary Defaults.

23. Until a debtor-in-possession is authorized by a bankruptcy court to reject an executory contract, that contract remains effective and enforceable between the parties. *Matter of Computerized Steel Fabricators, Inc.*, 40 B.R. 344 (Bankr.S.D.N.Y. 1984); *In re Tirenational Corp.*, 47 B.R. 647, 651 (Bankr.N.D.Oh. 1985); *Central Control Alarm Corp. Black*, 22 B.R. 561 (Bankr.E.D.Wisc. 1982). Therefore, in order to expect continued performance by the non-debtor party, the debtor-in-possession must perform itself on a post-petition basis, or face the consequences spelled out in the contract for non-performance. Where a debtor-in-possession materially breaches an agreement, an aggrieved party may exercise a right to terminate by seeking relief under 11 U.S.C. §362(d)(1).

24. Debtors are in default under the BSA for failure to make post-petition payments to McKesson in the amount of $47,878.10.

25. These defaults are in addition to the pre-petition monetary defaults described above.

### C. Post-Petition Non-Monetary Defaults.

26. Debtors are deemed to be in default under the BSA and McKesson is authorized to terminate the BSA because Debtors have failed to comply with the BSA provision related to refund processing and have not issued refunds to customers and providers since December 13, 2013. As of the date of this Motion, Debtors owe patients and providers over $173,000 in refunds.

27. Debtors are also in default for failure to timely transmit to McKesson a complete batch of charts and tickets for each patient whom McKesson provides services.

28. Debtors have also failed to comply with Sections of the BSA requiring establishment of automatic electronic funds debit arrangement.

29. All of these defaults, which have continued post-petition, are harming McKesson. Furthermore, McKesson has also obtained new contracts to provide services to other customers of McKesson. These services could be performed by its employees who are currently assigned to Debtors. Without knowing whether Debtors will assume or reject the BSA, McKesson will be forced to hire additional employees to perform the services on the new contract. If McKesson terminates

the contract, McKesson will be able to move the work under the new contract to Atlanta and provide the McKesson employees assigned to Debtors' work with continued employment.

## IV.  CONCLUSION

Debtors defaulted on their post-petition monetary and nonmonetary obligations, as described above, and Debtors have no right to cure.  McKesson respectfully submits that ample grounds exist for relief from the automatic stay under 11 U.S.C. §362(d)(1).  For the foregoing reasons, McKesson requests that this motion be granted in its entirety.

Dated: July 7, 2014.

/s/ Richard B. Herzog
Richard B. Herzog, Jr.
Georgia Bar No. 699166
Yasamine J. Christopherson
Georgia Bar No. 559769

Attorneys for McKesson Technologies, Inc.

Nelson Mullins Riley & Scarborough LLP
201 17th Street, N.W., Suite 1700
Atlanta, Georgia 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
richard.herzog@nelsonmullins.com
yasamine.christopherson@nelsonmullins.com

# **CERTIFICATE OF SERVICE**

I, Richard B. Herzog, certify that I am over the age of 18 and that on July 7, 2014, I served a copy of the foregoing *MOTION FOR RELIEF FROM STAY AND NOTICE OF HEARING* by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Theodore Stapleton
Theodore N. Stapleton, P.C.
2802 Paces Ferry Road, Suite 100-B
Atlanta, GA  30339

James H. Morawetz
Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Spring Street, SW
Atlanta, GA  30303

Jesse H. Austin, III
Jonathan W. Jordan
Michele J. Kim
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521

David C. Whitridge
Thompson, O'Brien Kemp & Nasuti PC
40 Technology Parkway South, Suite 300
Norcross, GA  30092

Erich N. Durlacher
Bryan T. Glover
Burr & Forman LLP
171 Seventeenth St, NW, Suite 1100
Atlanta, GA 30363

Jeffrey C. Wisler, Esq.
Connolly Gallagher LLP
1000 N. West Street, Suite 1400
Wilmington, DE 19801

Harmon T. Smith, Jr.
Law Office of Harmon T. Smith, Jr.
P. O. Box 1276
380 Green Street, NE
Gainesville, GA 30503

IPFS Corporation
P.O. Box 730223
Dallas, TX  75373

Anesthesia Healthcare Partners, Inc.
3079 Peachtree Industrial Blvd.
Duluth, GA  30097

Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Spring Street, SW
Atlanta, GA  30303

A Superior Answering Service
311 North Main Street
Madison, GA  30650-1393

ADP, Inc.
P.O. Box 842875
Boston, MA  02284-2875

Airgas South
P.O. Box 532609
Atlanta, GA  30353-2609

American Express Corporate
P.O. Box 360001
Fort Lauderdale, FL  33336-0001

Anthem BCBS
Maildrop VA 4004-RR10
Richmond, VA  23230

CT Corporation
P.O. Box 4349
Carol Stream, IL  60197-4349

Cigna
P.O. Box 2625
Del Mar, GA  92014-5625

Cisco Systems Capital Corporation
Attn:  Tammy smith
170 West Tasman Drive
San Jose, CA  95134-1706

City of Duluth
3167 Main Street
Duluth, GA  30096-3273

Coastal Anesthesia, P.A.
c/o Jason W. Peterson, Esq.
125 West Romana Street, Suite 800
Pensacola, FL  35202-5856

Crystal Springs
P.O. Box 660579
Dallas, TX  75266-0579

De Lage Landen
P.O. Box 41602
Philadelphia, PA  19101-1602

Dr. Dobson
555 N. Bell Avenue S, Suite 102
Carnegie, PA  15106-4320

Dr. Hoffman
5950 Dexter Drive
Dallas, TX  75230-5024

Dwayne Allan Maultsby
198 Crater Woods Court
Petersburg, VA  23805-9100

Greg Wachowiak
1109 Pristine Place
Alpharetta, GA  30022-1825

HB1 Anesthesia Services
3079 Peachtree Industrial Blvd
Duluth, GA  30097-2215

Ichter Thomas
3340 Peachtree Road NE
Atlanta, GA  30326-1011

McKesson Medical Surgical Inc.
Neil J. Orleans
Law Offices of Judith W. Ross
700 N. Pearl Street, Suite 1610
Dallas, TX  75201-7459

Medkinetics LLC
124 First Ave S
Franklin, TN  37064-6326

Per-Se Technologies
5995 Winward Parkway
Alpharetta, GA  30005-4184

Rodney Moore
70 Lee Street
Rockmart, GA  30153-2111

Sean M. Lynch
4504 Whitestone Way
Suwanee, GA  30024-7592

GE Healthcare IITS USA
15724 Collections Center Drive
Chicago, IL  60693

Guardian
P.O. Box 677458
Dallas, TX  75267-7458

IPFS Corporation
30 Montgomery Street, Suite 1000
Jersey City, NJ  07302-3865

MD Solutions
One Westinghouse Plaza, Suite 201
Boston, MA  02136-2079

Medical Maintenance Consult
4295 International Blvd., Suite C
Norcross, GA  30093-3050

Medpoint Inc.
12013 SW 129 Court
Miami, FL  33186-6942

Pueblo Endoscopy Suites LLC
1600 N. Grand Ave., Suite 420
Pueblo, 81003-2760

SS Healthcare Strategies
1385 Kemper Meadow Drive
Cincinnati, OH 45240-1635

Sedgwick Claims Mgmt Services
36392 Treasury Center
Chicago, IL  60694-6300

Standard Office Systems
2475 Meadowbrook Parkway
Duluth, GA  30096-2366

Sunbelt Office Products
5150 Peachtree Industrial Blvd.
Norcross, GA  30071-5716

Sunbelt Printing
1691 Sands Place
Marietta, GA  30067-8779

SunTrust Bank
Attn:  S. Shrivastava
303 Peachtree Street NE, 23rd Floor
Atlanta, GA  30308-3201

William H. Rogers, Jr., Chairman and CEO
SunTrust Bank
303 Peachtree Street NE
Atlanta, GA  30308-3201
*Via Certified Mail*

Verizon Wireless
P.O. Box 660108
Dallas, TX  75266-0108

Suzanne H. Turner
1133 River Road
Mineral Bluff, GA  30559-7669

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
PO Box 105416
Atlanta, GA 30348-5416

Georgia Department of Revenue
Bankruptcy Section
1800 Century Blvd, NE, Suite 17200
Atlanta, GA 30345

Georgia Department of Revenue
PO Box 740397
Atlanta, GA 30374

Georgia Department of Labor
148 Andrew Young International Boulevard, NE, Suite 910
Atlanta, GA 30303-1751

Georgia Department of Labor
148 Andrew Young International Boulevard, NE, Suite 826
Atlanta, GA 30303-1751

US Attorney
Civil Division, Attn: Civil Clerk
600 Richard B. Russell Building
75 Spring Street, SW
Atlanta, GA 303030

Dated: July 7, 2014.

                /s/ Richard B. Herzog
                Richard B. Herzog, Jr.
                Georgia Bar No. 699166
                Yasamine J. Christopherson
                Georgia Bar No. 559769

                Attorneys for McKesson Technologies, Inc.

Nelson Mullins Riley & Scarborough LLP
201 17th Street, N.W., Suite 1700
Atlanta, Georgia 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
richard.herzog@nelsonmullins.com
yasamine.christopherson@nelsonmullins.com